UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

**Jose Bernard** and **Jose Rojas**,　　　　　　　　　CLASS REPRESENTATION
individually, and on behalf of others similarly situated,

    Plaintiffs,

vs.

**ML AUTOMOTIVE GROUP, LLC**, a
Florida limited liability company, d/b/a "Palmetto57
Auto Group"; **NM1, LLC**, a Florida limited liability
company, d/b/a "Palmetto57 Auto Group" and
"Palmetto57 NISSAN"; **VW1, LLC**, a Florida limited
liability company, d/b/a "Palmetto57 Auto Group"
and "Palmetto57 VOLKSWAGEN",

    Defendants.
_____/

## FAIR LABOR STANDARDS ACT COMPLAINT

Plaintiffs Jose Bernard and Jose Rojas, individually, and on behalf of others similarly situated, sue Defendants, ML AUTOMOTIVE GROUP, LLC; NM1, LLC, and; VW1, LLC, d/b/a "PALMETTO57 AUTO GROUP", "PALMETTO57 NISSAN", and "PALMETTO57 VOLKSWAGEN" and alleges:

### JURISDICTIONAL ALLEGATIONS

1.    This lawsuit is an action to recover money damages for unpaid minimum wages brought under the laws of the United States of America. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C., Sections 201-219, inclusive ("FLSA").

2.    Plaintiffs Jose Bernard and Jose Rojas worked as automobile salespersons at a conglomerate automobile dealership known as "PALMETTO57 AUTO GROUP",

"PALMETTO57 NISSAN", and "PALMETTO57 VOLKSWAGEN" in Miami-Dade County, Florida. The dealership operates under the auspices of various corporate incarnations, namely ML AUTOMOTIVE GROUP, LLC; NM1, LLC, and; VW1, LLC, but does business as "PALMETTO57 AUTO GROUP", "PALMETTO57 NISSAN", and "PALMETTO57 VOLKSWAGEN" which are registered fictitious names owned by the variously named corporate Defendants in this case. Messrs. Bernard and Rojas, together with any other person who may hereafter consent to join in this lawsuit, are "employees" within the meaning of 29 U.S.C. §203(e).

3. Defendants ML AUTOMOTIVE GROUP, LLC; NM1, LLC, and; VW1, LLC, are Florida limited liability companies with common ownership and operational control, operated by and through, directly and indirectly, related individuals, including Rogelio (Roger) Tovar, who directly and indirectly though designees, operates a closely, privately held "auto mall-type" of dealership as a single conglomerate under the various fictitious names mentioned. The same individuals exercise operational control over the dealership operations. In fact, while the dealership sells inventory of both NISSAN and VOLKSWAGEN, both dealerships are advertised together as a single unit in nearly identical web sites that are linked to each other and deploy the same video link. (See http://www.palmetto57.com; http://www.palmetto57vw.com and http://www.palmetto57nissan.com). Additionally, the Employer utilizes a single, shared human resource/payroll department in respect of the entire consolidated dealership operations.

4. Defendants are "persons" and "employers" within the meaning of the 29 U.S.C. §203 (a) and (d) and may hereinafter be referred to jointly as the "Employer" or "Palmetto57". Moreover, each "Employer" is individually -- and together as a conglomerate are -- an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s).

5. Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331, 1337, 1367 and by 29 U.S.C. §216(b). The Employer is, and at all times material to this action was, an organization which sells and/or markets and/or transports services and/or goods to customers in Florida and across state lines. Upon information and belief, the annual gross revenue of the Employer was at all times material to this action in excess of $500,000.00 per annum.

6. By reason of the foregoing, the Employer is, and at all times material to this action was, an enterprise engaged in commerce or in the production of goods for commerce as defined in Sections 3(r) and 3(s) of the FLSA, 29 U.S.C., §§ 203(r) and 203(s). Moreover, the named Plaintiffs, and others similarly situated, were individually engaged in commerce within the meaning of the FLSA by virtue of the nature of the work they performed.

## CLASS ALLEGATIONS UNDER MINIMUM WAGE PROVISIONS OF THE FLSA

7. The Plaintiffs are similarly situated to an untold number of other salespersons who work or have worked for the Employer at the dealership location known as "Palmetto57", "Palmetto57 Nissan", and "Palmetto57 Volkswagen" owned or operated through the auspices of Defendants, under the stewardship of Roger Tovar, during any part of the three year period commencing on the original filing of this lawsuit.

8. The named Plaintiffs and those similarly situated work or worked under a "commissions-only" pay plan in place at the "Palmetto57" dealership operated by Defendants. On a bi-weekly basis (every other Friday), sales persons are advanced a flat, short-term, revolving loan of $800 or $1,000.00 -- referred to as a "draw" -- from which federal and other payroll withholdings are deducted, as though it were a salary or wage. However, the draw/loan represents not a wage, but a rolling debt owed by the Plaintiffs to the Employer, which debt must be repaid, and is actually systematically collected from subsequent commissions earned and paid

periodically, not only within the same bi-weekly pay period, but in subsequent periods, in perpetuity until repaid in full, such that the draw is not finally and unconditionally paid to the sales staff. Neither the draw/loan, nor any subsequently earned commissions, bears any relationship to the actual number of hours worked by sales staff.

9. When an employee's draw/loan balance exceeds the commissions earned during applicable pay periods, they are considered to be "in the hole" or indebted to their employer for the work performed in applicable pay periods. Employees do not unconditionally keep the "draw/loan", but must actually, systematically "repay" the same through deductions from commissions earned in perpetuity. The "draws" are treated as money owed to the employer in perpetuity, until repaid from earned commissions or otherwise.

10. The employer maintains time-keeping records which would or could reflect the actual number of hours worked by sales personnel, however, this data is not used to determine whether, or ensure that, employees receive at least a minimum hourly wage for every hour worked during applicable pay periods. Additionally, the Employer further avoids the responsibility of paying a minimum wage to sales personnel during established pay-periods by taking unjustified deductions from the commissions earned for unauthorized "accounts receivable" and other unspecified payroll deductions.

11. On numerous occasions during the period of time covered by this Complaint, the Plaintiffs, and others similarly situated, generated fewer sales commissions than were necessary to cover the required minimum wage for all hours worked, or they sometimes were not paid all of their earned commissions and bonuses under the pretext that they were unqualified for such compensation as a result of being "in the hole".

## ATTORNEY'S FEES

12. Plaintiffs have engaged the services of the undersigned attorneys and have agreed to pay reasonable attorney's fees for their services.

## ENTITLEMENT TO ATTORNEY'S FEES

13. Plaintiffs and others similarly situated are entitled to an award of prevailing party attorney's fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 and other related authority. Additionally, Plaintiffs are entitled to fees and costs pursuant to Florida Statute §448.08, and other related authority.

## - COUNT I -
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## PLAINTIFF AND OPT-IN PLAINTIFFS
### (Failure to Pay Minimum Wages)

Plaintiffs, and others similarly situated, reallege ¶¶ 1-13, as though fully set forth herein.

14. At all times during their employment, the Plaintiffs, and others similarly situated, were employees required to be finally and unconditionally paid a minimum hourly wage for every hour worked during the applicable, established pay period. Further, they were entitled to receive such compensation on the established regular pay date.

15. Since on or about November, 2014 through the present ("the applicable period covered by this Complaint"), the Employer violated the provisions of the FLSA, 29 U.S.C. §206 and §215(a)(2) by failing to pay the Plaintiffs, and other similarly situated salespersons, a minimum hourly wage during numerous applicable pay periods by, among other factors: (a) failing to finally and unconditionally pay at least the applicable minimum hourly wage for every hour worked during numerous covered pay periods as required by law; (b) making unjustified deductions and reductions from earned compensation to minimize payroll obligations, and; (c) failing to pay the required wages on the date due.

16. At all times material to this action, the Employer failed to comply with 29 U.S.C. Sections 201-219 and 29 C.F.R., Sections 516.1, *et. seq*. in that Plaintiffs, and those similarly situated, performed services for the benefit of the Defendants for which they were paid below the minimum wage rates required under both federal law, and under applicable Florida law and Constitution, whose occasionally higher minimum wage rates are made applicable under the FLSA. Other persons who may become plaintiffs in this action, also provided labor as hourly-rate employees and/or former employees of the Employer and have also been systematically paid less than the applicable minimum hourly wage, for the reasons set forth above.

17. The Employer knew or showed a reckless disregard for the provisions of the FLSA concerning the timely, complete, and unconditional payment of minimum wages and remains owing the named Plaintiffs and other similarly situated employees all unpaid minimum hourly wages for every hour worked during the three year period preceding this lawsuit.

WHEREFORE, Plaintiffs, and others similarly situated demand the following: payment of minimum wages for every hour worked during every pay period, or as much as is allowed by the Fair Labor Standards Act, whichever is greater, in an amount to be proven at the time of trial; an additional like amount as liquidated damages; an award of reasonable attorney's fees and costs, and; any and all such other relief which this Court may deem reasonable under the circumstances. Also, in the event that Plaintiffs do not recover liquidated damages as allowed, then Plaintiffs and those similarly situated demand an award of prejudgment interest as a lesser alternative to liquidated damages.

-- COUNT II --
**BREACH OF AGREEMENT TO PAY WAGES**
**(Failure to Pay Agreed Wages)**

Plaintiffs reallege ¶¶ 1 through 13 as though fully set forth herein.

18. At all times during their employment, the Plaintiffs were employees whom the Employer had agreed to pay at wages representing the greater of a minimum hourly wage for every hour worked during corresponding pay periods, or commissions earned during each pay period.

19. Toward this end, the Employer promised to advance a draw/loan equal to minimum hourly wage for every hour worked. This draw would be collected from the commissions generated in the corresponding pay period.

20. The Employer breached the agreement by advancing a draw/loan that was less than the applicable minimum hourly rate for each pay period.

21. The Employer breached the agreement to pay wages by collecting the draw/loan balance from commissions earned in perpetuity, beyond the applicable pay period.

22. The Employer breached the agreement to pay wages by not paying the commissions and other incentive payments for the sale of warranties, product maintenance packages, and back end commissions promised under the pay plan.

23. The Employer breached the agreement to pay wages by adding charges to the cost of the vehicles sold to diminish the percentage of gross revenues generated in calculating the commissions promised.

24. The Employer breached the agreement to pay wages by otherwise collecting unauthorized "accounts receivable" from employees' earnings.

25. The Employer breached the agreement by withholding commissions for cars sold whenever customers of the dealership advanced "Hold Checks ("HC")" from accounts with insufficient funds, thereby making the salespersons the guarantors of their customers' negotiable instruments, even when the dealership collected those funds from other sources or otherwise proceed to delivery of the vehicle sold, notwithstanding the non-negotiability of "hold checks".

WHEREFORE, Plaintiffs demand the following: payment of all accrued unpaid wages and commissions and payments promised under the pay plan, in an amount to be proven at the time of trial; accrued interest on those sums at the applicable judgment rate of interest, and; an award of reasonable attorney's fees and costs.

## JURY DEMAND

26. Plaintiffs demand trial by jury of all issues, claims and defenses in this action that are triable as of right by a jury.

Dated: November 9, 2017

Anthony F. Sanchez, P.A.
Counsel for Plaintiffs
6701 Sunset Drive, Suite 101
Miami, FL 33143
Tel.:   305-665-9211
Fax:   305-328-4842
E-mail:   afs@laborlawfla.com

By:   /s/Anthony F. Sanchez
        Anthony F. Sanchez
        Florida Bar No. 0789925

8